866 A.2d 205 (2005)
374 N.J. Super. 582
Faith A. WILDE, Plaintiff-Appellant,
v.
John P. O'LEARY, Jr., Adam J. Gurien and Zachary Jackson Securities, L.P., Defendants-Respondents.
Superior Court of New Jersey, Appellate Division.
Submitted November 29, 2004.
Decided February 4, 2005.
*206 G. Martin Meyers, Denville, for appellant.
Stark & Stark, Princeton, for respondents (John E. MacDonald and Amy Beth Dambeck, of counsel; Mr. MacDonald, on the brief).
Before Judges PETRELLA, LINTNER and PARKER.
The opinion of the court was delivered by
PARKER, J.A.D.
In this case involving allegations of securities fraud, plaintiff Faith A. Wilde appeals from a grant of summary judgment confirming an arbitration award in favor of defendants. We reverse and remand.
In August 1996, plaintiff, then a thirty-five-year-old widow with two young children, sought advice from defendants, John O'Leary, Jr., and Adam J. Gurien, regarding the investment of settlement monies resulting from her husband's accidental death. Plaintiff had no investment experience and told defendants she wanted a no-risk investment. Defendants led plaintiff to invest $50,000 in Zachary Jackson Mortgage, Inc. (Zachary Jackson), a private company they owned and operated. Zachary Jackson filed for bankruptcy in 2001 and plaintiff lost her entire investment. On December 14, 2001, plaintiff filed an arbitration claim with the National Association of Securities Dealers (NASD) pursuant to the NASD Code of Arbitration Procedure. Plaintiff claimed that defendants fraudulently induced her to invest in Zachary Jackson. She identified Brian Greenman, Esq., as her expert witness in her initial statement of claim.
On January 30 and 31, 2003, the matter was heard before three arbitrators in New York City. The panel heard lengthy testimony from O'Leary and Gurien, who opined as "experts" in the mortgage business, *207 that their private placement with Zachary Jackson was a suitable investment for a widow with small children. On the last day of the hearing, plaintiff presented Greenman as her suitability and due diligence expert.
Plaintiff had submitted her expert's curriculum vitae setting out his experience and expertise well before the arbitration hearing. Defendants did not move to preclude his testimony prior to the hearing. Rather, they waited until plaintiff's expert was scheduled to testify. After voir dire, the panel precluded the expert's testimony. The arbitrators apparently believed it was essential for the expert to have engaged in the actual business of mortgage brokering in order to render an expert opinion.[1] When plaintiff requested additional time to present a new expert, the panel indicated she would have to do so that afternoon. Needless to say, plaintiff was unable to obtain another expert in that short period of time. The panel then ruled in defendants' favor.
On June 2, 2003, plaintiff filed a verified petition pursuant to R. 4:67-1 and -2, seeking to vacate the arbitration award. The parties subsequently cross-moved for summary judgment  plaintiff seeking to vacate the arbitration decision and defendants seeking to confirm it. The matter was argued on January 9, 2004, and on January 13, 2004, the court entered an order denying plaintiff's motion for summary judgment and granting defendants' motion to confirm the arbitration award. Attached to the order was a brief statement of reasons in which the court stated:
The Court does not find that the arbitrators' decision to disallow the proposed expert testimony was violative of N.J.S.A. 2A:24-8. While the proposed expert testimony by the plaintiff was precluded after a "voir dire" rather than after hearing the testimony of the proposed expert and then deciding that the expert was unqualified, the Court does not find that the panel engaged in "misconduct." In reaching this determination, the Court bases this finding upon a plenary review of the transcript of the proceedings.
In this appeal, plaintiff argues that (1) the arbitration panel's refusal to allow plaintiff's expert to testify denied her a fundamentally fair hearing; and (2) this matter has the same factual background as Bordonaro v. Merrill Lynch, 156 Ohio App.3d 358, 805 N.E.2d 1138 , appeal denied, 102 Ohio St.3d 1485, 810 N.E.2d 968 (2004), in which the Ohio Court of Appeals vacated the arbitration award.
Arbitration is clearly a favored means of dispute resolution. Habick v. Liberty Mut. Fire Ins. Co., 320 N.J.Super. 244, 248, 727 A.2d 51, 53 (App.Div.), certif. denied, 161 N.J. 149, 735 A.2d 574 (1999). The Arbitration Act, N.J.S.A. 2A:24-1 to -11, provides narrow grounds for vacating an award:
The court shall vacate the award in any of the following cases:
a. Where the award was procured by corruption, fraud or undue means;
b. Where there was either evident partiality or corruption in the arbitrators, or any thereof;
c. Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause being shown therefore[e], or in refusing to hear evidence, pertinent and material to the controversy, or of any other misbehaviors *208 prejudicial to the rights of any party;

d. Where the arbitrators exceeded or so imperfectly executed their powers that a mutual, final and definite award upon the subject matter submitted was not made.
When an award is vacated and the time within which the agreement required the award to be made has not expired, the court may, in its discretion, direct a rehearing by the arbitrators.
[N.J.S.A. 2A:24-8 (emphasis added).]
The motion judge found no "misconduct" on the part of the arbitrators in precluding plaintiff's expert because they engaged the expert in voir dire regarding his qualifications. In our view, the "misconduct" arose when the arbitrators refused to grant plaintiff an extension of time to retain a new expert after defendants strategically waited until the expert was presented before making their motion to preclude. When a party is required to arbitrate before an industry-controlled arbitration panel in accordance with rules propagated by the industry, it is incumbent upon the arbitrators to provide a fair forum and to respect fundamental due process rights. The refusal of the arbitrators to allow plaintiff a reasonable period of time to present expert testimony rises to the level of "misconduct" where the accused brokers were permitted to serve as their own "experts" and plaintiff was seriously prejudiced by preclusion of her expert.
Plaintiff refers us to Bordonaro v. Merrill Lynch, supra, 805 N.E.2d at 1143-44, in which the Ohio Court of Appeals vacated an arbitration award under similar circumstances. There, the panel precluded the plaintiff's liability expert on the ground that the arbitrators and the stockbroker had "quite a bit of experience" and "the liability aspect of this matter really rests with the panel." Id. at 1142. The court noted that while the Rules of Evidence do not strictly apply to arbitrations, "it was error to prevent plaintiff from presenting expert testimony on most of the issues the panel decided.... Without that testimony, plaintiff was prevented from presenting evidence that was material and pertinent to his case." Id. at 1143-44.
Here, as in the Ohio case, plaintiff was precluded from presenting critical testimony on liability, specifically the suitability of the investment for plaintiff and defendants' exercise of due diligence. Under the circumstances presented, the arbitrators' preclusion of plaintiff's expert and refusal to extend the time for her to retain a new expert amounted to "misconduct" under N.J.S.A. 2A:24-8(c). We, therefore, vacate the award and remand for a new arbitration hearing.
Reversed and remanded.
NOTES
[1] Under our Rules of Evidence, an expert need not have engaged in the business upon which he is rendering an opinion as long as his "knowledge, skill, experience, training, or education" in the area is adequately demonstrated. N.J.R.E. 702.